COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-207-CR

                                        NO.
2-06-208-CR

 

JERRY
GEORGE PENTONEY                                                  APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

                                       I. 
Introduction








The trial court revoked appellant Jerry George Pentoney=s deferred adjudication community supervision in two cases,
adjudicated Pentoney guilty of both offenses, and sentenced Pentoney to ten
years= confinement in each case, to be served concurrently.  Appellate counsel has filed an Anders brief
asserting that there are no grounds that could be argued successfully on
appeal.  See Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967). 
Because we hold that any appeal from these cases would be frivolous, we
grant counsel=s motion to
withdraw in each case and affirm the trial court=s judgments.

                   II. 
Factual and Procedural Background

Pursuant to a plea bargain agreement, Pentoney pleaded guilty to the
offenses of aggravated assault with a deadly weapon and possession of
methamphetamine.  Pentoney=s signed judicial confessions appear in the clerk=s records, and the trial court took judicial notice of them.  The trial court fined Pentoney $600 and
placed him on six years= deferred
adjudication community supervision for each offense.  Eleven months later, the State filed two
motions to proceed with adjudication of guilt (one for each offense), both
alleging that Pentoney had violated the terms of his community supervision by,
among other things, giving an officer a false name and failing to report to his
probation officer for the seven months preceding the filing of the State=s motions.

On June 23, 2006, at a combined hearing on the State=s motions to proceed with adjudication, Pentoney entered an open plea
of Atrue@ to both of
these allegations in both of the State=s motions.  The trial court
accepted Pentoney=s pleas of
true and sentenced him to ten years= confinement in each case, to be served concurrently.  Pentoney now appeals.








                                    III. 
The Anders Brief

Pentoney=s
court-appointed appellate counsel has filed a motion to withdraw and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, the appeals are
frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California by
presenting a professional evaluation of the records demonstrating why there are
no arguable grounds for relief.  Id.;
see Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995, no pet.).  We
provided Pentoney the opportunity to file a pro se brief, which he has
done.  Pentoney=s brief appears to assert three points: that the trial court erred by
not ordering a presentence investigation report; that court-appointed trial
counsel ineffectively represented Pentoney; and that Pentoney was not competent
during the adjudication hearing.

Once appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991).








                                  IV. 
Independent Review

In a case involving revocation of deferred adjudication community
supervision, case law limits our independent review to potential errors not
involving the decision to adjudicate and potential errors occurring after
adjudication.  See Davis v.
State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).[2]  One cannot appeal the trial court=s decision to adjudicate a defendant=s guilt.  Hargesheimer v.
State, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006).








Pentoney pleaded true to the allegations in the State=s petitions to adjudicate; proof of just one allegation in each
petition to adjudicate is sufficient support revocation.  See Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980).  Pentoney was
given the opportunity to offer additional evidence after the trial court
adjudicated him guilty of each offense but before it assessed punishment.[3]  The sentences assessed by the trial court are
within the statutorily permissible range. 
See Tex. Penal Code Ann.
'' 12.32(a), 22.02(b)(1) (Vernon 2003); Tex. Health & Safety Code Ann. ' 481.112(d) (Vernon 2003). 
Pentoney was also represented by counsel in all proceedings; his motions
for new trial did not raise ineffectiveness of counsel at the punishment phase
and the records reflect no errors by trial counsel at the punishment phase that
fall below an objective standard of reasonableness as a matter of law.  See Andrews v. State, 159 S.W.3d 98,
102 (Tex. Crim. App. 2005).








Concerning Pentoney=s competency, the records contain no indication that Pentoney was
unable to understand the proceedings or to consult with his attorney.  In fact, Pentoney himself testified that,
while he had some prior mental health issues, he was able to actively
participate in the preparation for the hearing.[4]  Furthermore, there is nothing in the record
to demonstrate that Pentoney was recovering from recent severe mental illness,
was at least moderately mentally retarded, or acted in any bizarre way.  See Collier v. State, 959 S.W.2d 621,
625 (Tex. Crim. App. 1997), cert. denied, 525 U.S. 299 (1998).  Consequently, no indicators existed of
potential mental incompetence of Pentoney at the hearing.  See Durgan v. State, No. PD-1069-06,
2007 WL 3276116, at *3 (Tex. Crim. App. Nov. 7, 2007) (holding that appellate courts
may review a defendant=s competency
at the time of the adjudication hearing). 
Our independent review of the records establishes that no arguable
grounds for relief exist.[5]

                                        V. 
Conclusion

After independently reviewing the records, we have determined that any
appeals from these cases would be frivolous. 
Accordingly, we grant Pentoney=s counsel=s motion to
withdraw and affirm the judgments of the trial court.

 

PER
CURIAM

 

 

PANEL F:    WALKER,
HOLMAN, and GARDNER, JJ.








DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: December 6, 2007











[1]See Tex. R. App. P. 47.4.





[2]Effective
June 15, 2007, the legislature amended article 42.12, section 5(b) of the code
of criminal procedure to omit the provision that no appeal may be taken from a
trial court=s
determination adjudicating guilt and to provide that an appellate court can
review a trial court=s
revocation of deferred adjudication in the same manner as a revocation hearing
in which the trial court had not deferred an adjudication of guilt.  See Act of May 29, 2007, 80th Leg.,
R.S., S.B. 909, ' 5
(codified at Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon Supp. 2007)).  Pentoney=s
guilt was adjudicated in June 2006, however, so this amendment does not apply
to this case.





[3]The
records reflect that the trial court attempted to conduct a punishment hearing,
asking both parties if either had any additional evidence it wished to offer in
regard to punishment.  Only after both
parties indicated that they did not have any such evidence did the trial court
proceed to sentence Pentoney.  See
Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).





[4]At
the hearing, the following exchange occurred:

 

[Pentoney=s
attorney]:  Now, even though you were on
the mental health caseload and had some prior mental health issues . . . do you
agree with me that you and I have been able to adequately communicate on this
to prepare for this hearing?

 

[Pentoney]:  Yes, sir.





[5]The
court of criminal appeals has expressly instructed us that we are not to review
the merits of the issues presented in a pro se brief like Pentoney=s by
addressing and rejecting them.  Bledsoe
v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  To do so, according to Bledsoe, would
deprive Pentoney of Athe
meaningful assistance of counsel.@  Id. 
Accordingly, we do not do so.