COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-207-CR

NO. 2-06-208-CR

JERRY GEORGE PENTONEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The trial court revoked appellant Jerry George Pentoney’s deferred adjudication community supervision in two cases, adjudicated Pentoney guilty of both offenses, and sentenced Pentoney to ten years’ confinement in each case, to be served concurrently.  Appellate counsel has filed an 
Anders 
brief asserting that there are no grounds that could be argued successfully on appeal.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Because we hold that any appeal from these cases would be frivolous, we grant counsel’s motion to withdraw in each case and affirm the trial court’s judgments.  

II.  Factual and Procedural Background

Pursuant to a plea bargain agreement, Pentoney pleaded guilty to the offenses of aggravated assault with a deadly weapon and possession of methamphetamine.  Pentoney’s signed judicial confessions appear in the clerk’s records, and the trial court took judicial notice of them.  The trial court fined Pentoney $600 and placed him on six years’ deferred adjudication community supervision for each offense.  Eleven months later, the State filed two motions to proceed with adjudication of guilt (one for each offense), both alleging that Pentoney had violated the terms of his community supervision by, among other things, giving an officer a false name and failing to report to his probation officer for the seven months preceding the filing of the State’s motions.  

On June 23, 2006, at a combined hearing on the State’s motions to proceed with adjudication, Pentoney entered an open plea of “true” to both of these allegations in both of the State’s motions.  The trial court accepted Pentoney’s pleas of true and sentenced him to ten years’ confinement in each case, to be served concurrently.  Pentoney now appeals.

III.  The 
Anders 
Brief

Pentoney’s court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeals are frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California 
by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.  
Id.
; 
see Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  We provided Pentoney the opportunity to file a pro se brief, which he has done.  Pentoney’s brief appears to assert three points: that the trial court erred by not ordering a presentence investigation report; that court-appointed trial counsel ineffectively represented Pentoney; and that Pentoney was not competent during the adjudication hearing. 

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

IV.  Independent Review

In a case involving revocation of deferred adjudication community supervision, case law limits our independent review to potential errors not involving the decision to adjudicate and potential errors occurring after adjudication.  
See 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).
(footnote: 2)  One cannot appeal the trial court’s decision to adjudicate a defendant’s guilt.  
Hargesheimer v. State
, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006). 

Pentoney pleaded true to the allegations in the State’s petitions to adjudicate; proof of just one allegation in each petition to adjudicate is sufficient support revocation.  
See Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  Pentoney was given the opportunity to offer additional evidence after the trial court adjudicated him guilty of each offense but before it assessed punishment.
(footnote: 3)  The sentences assessed by the trial court are within the statutorily permissible range.  
See 
Tex. Penal Code Ann.
 
§§ 
12.32(a), 22.02(b)(1) (Vernon 
2003);
 
Tex. Health & Safety Code Ann. 
§ 481.112(d) (Vernon 2003).  Pentoney was also represented by counsel in all proceedings; his motions for new trial did not raise ineffectiveness of counsel at the punishment phase and the records reflect no errors by trial counsel at the punishment phase that fall below an objective standard of reasonableness as a matter of law.  
See Andrews v. State, 
159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

Concerning Pentoney’s competency, the records contain no indication that Pentoney was unable to understand the proceedings or to consult with his attorney.  In fact, Pentoney himself testified that, while he had some prior mental health issues, he was able to actively participate in the preparation for the hearing.
(footnote: 4)  Furthermore, there is nothing in the record to demonstrate that Pentoney was recovering from recent severe mental illness, was at least moderately mentally retarded, or acted in any bizarre way.  
See Collier v. State
, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997), 
cert. denied
, 525 U.S. 299 (1998).  Consequently, no indicators existed of potential mental incompetence of Pentoney at the hearing.  
See Durgan v. State
, No. PD-1069-06, 2007 WL 3276116, at *3 (Tex. Crim. App. Nov. 7, 2007) (holding that appellate courts may review a defendant’s competency at the time of the adjudication hearing).  Our independent review of the records establishes that no arguable grounds for relief exist.
(footnote: 5)
V.  Conclusion

After independently reviewing the records, we have determined that any appeals from these cases would be frivolous.  Accordingly, we grant Pentoney’s counsel’s motion to withdraw and affirm the judgments of the trial court.

PER CURIAM 

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 6, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure to omit the provision that no appeal may be taken from a trial court’s determination adjudicating guilt and to provide that an appellate court can review a trial court’s revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt.  
See 
Act of May 29, 2007, 80th Leg., R.S., S.B. 909, § 5 (codified at 
Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2007)).  Pentoney’s guilt was adjudicated in June 2006, however, so this amendment does not apply to this case.

3:
The records reflect that the trial court attempted to conduct a punishment hearing, asking both parties if either had any additional evidence it wished to offer in regard to punishment.  Only after both parties indicated that they did not have any such evidence did the trial court proceed to sentence Pentoney.  
See Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).  

4:
At the hearing, the following exchange occurred:

[Pentoney’s attorney]:  Now, even though you were on the mental health caseload and had some prior mental health issues . . . do you agree with me that you and I have been able to adequately communicate on this to prepare for this hearing?

[Pentoney]:  Yes, sir.

5:
The court of criminal appeals has expressly instructed us that we are not to review the merits of the issues presented in a pro se brief like Pentoney’s by addressing and rejecting them.  
Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  To do so, according to 
Bledsoe
, would deprive Pentoney of “the meaningful assistance of counsel.”  
Id.
  Accordingly, we do not do so.