**Nakeesha DURGAN, Appellant**

v.

**The STATE of Texas.**

**No. PD–1069–06.**

Court of Criminal Appeals of Texas.

Nov. 7, 2007.

Rehearing Denied Dec. 19, 2007.

Albert J. Charanza Jr., Lufkin, for Appellant.

Dale Summa, Assistant District Atty., Lufkin, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

In 2001, appellant plead guilty to delivery of less than one gram of cocaine in a drug-free zone, i.e. within 1,000 feet of the premises of an elementary school. Pursuant to a plea agreement, the trial court deferred appellant's adjudication and placed her on five years' community supervision. The terms of supervision included a requirement that appellant take any medication prescribed by the Mental Health/Mental Retardation Center or by her physician, and that she submit to a "TAIP Evaluation and any recommended treatment program that they recommend[.]" Approximately two years later, the state filed a motion to adjudicate based on allegations that appellant had violated her community supervision. As part of an order imposing additional terms of supervision, the trial court ordered appellant to reside in a "Special Needs Substance Abuse Felony Punishment Facility" for a period not to exceed one year and continued her on supervision. In 2004, the state filed a second motion to adjudicate, which alleged that appellant had failed to attend and successfully complete the substance-abuse-treatment facility's requirements. The trial court found that appellant had violated the terms and conditions of her community supervision as alleged, found her guilty, and sentenced her to ten years' imprisonment.

Appellant filed a motion for reconsideration, or in the alternative, a new trial. That motion asserted that the judgment and sentence should be set aside and a new trial granted because new and material evidence showing appellant's history of mental and behavioral problems had been discovered since trial, and that, pursuant to TEX.CODE CRIM. PROC. article 46B.003, such evidence raised an issue regarding whether appellant was competent at the time of the hearing on the motion to adjudicate guilt. During a hearing on the motion for new trial, the trial court admitted into evidence records which "consist of several evaluations, psychologicals, social history, and developmental assessments" concerning appellant's status, and all of which included an introductory heading of "Determination of Mental Retardation." The trial judge also heard testimony from several witnesses, some of whom supported a conclusion of mild to moderate mental retardation for appellant. After the hearing, the trial court denied appellant's motion and entered an order reflecting that appellant's motion be in all things denied.

On appeal, appellant raised several points of error, including a claim that the trial court erred in not having appellant evaluated to determine if she was competent to answer the allegations raised during a revocation hearing. The court of

appeals held that an appeal that involves the defendant's competence at the adjudication hearing is an appeal that involves the trial court's determination of whether to proceed with adjudication and dismissed the issue because Article 42.12, § 5(b), precludes an appeal of a trial court's decision to adjudicate guilt. *Durgan v. State*, 192 S.W.3d 884, 887 (Tex.App.-Beaumont 2006).

## Ground for Review

We granted appellant's sole ground for review. Appellant asserts that "the [c]ourt of [a]ppeals erred in not considering the competency of the defendant or staying the proceedings for the purpose of conducting a competency review by an expert at the time the trial court was placed on notice that she lacked the competency to stand trial or assist her counsel in the hearing." Based on the arguments in appellant's brief, we interpret this ground as alleging that the court of appeals had jurisdiction to consider her competence claim and should have considered its merits.

## Argument

Appellant contends that the court of appeals and the trial court erred by not considering the issue of her competence under Chapter 46B of the Code of Criminal Procedure. She argues that, while under Chapter 46B the legislature "has mandated to the courts a duty to conduct an informal inquiry whether there is some evidence from any source that the defendant is incompetent to stand trial," if the defendant accepts deferred adjudication "the Legislature has taken away the [d]efendant's ability to appeal the failure of the trial court to follow through with its mandated duty to determine if a defendant is incompetent."

She argues that the competence inquiry and any further required competence proceedings under Chapter 46B are separate and distinct from the decision to proceed with an adjudication of guilt, and there is no less a duty for the court to follow Article 46B.004(c)'s directive that "[o]n suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." She asserts that these dual statutory duties should have separate appellate review, lest incompetent persons be adjudicated guilty of crimes without due-process protection. Appellant asserts that there is no conflict in the law, but rather that "[t]here are constitutional due process protections to insure that only competent persons are adjudicated guilty of crimes." She adds that, in this case, her constitutional rights "were violated when the trial court failed to stay the proceeding to have her examined[,] and the appellate court erred by not reviewing this issue."

The state argues that, pursuant to Tex. Code Crim. Proc. art. 42.12 § 5(b), appellant is precluded from appealing the trial court's decision to adjudicate guilt following deferred-adjudication community supervision. It asserts that, therefore, the court of appeals correctly determined that it could not consider appellant's claim because it required a review of a decision to adjudicate.

## Analysis

Article 42.12 § 5(b) does preclude appellate review of a decision to adjudicate; upon violation of a condition of deferred-adjudication community supervision, a defendant is entitled to a hearing limited to the court's determination of whether it should proceed with an adjudication of guilt on the original charge, and "[n]o appeal may be taken from this determina-

tion."[1] We have held that if an appeal raises a claim of purported error in the decision to adjudicate guilt, a court of appeals should dismiss that claim without reaching the merits. *Hogans v. State*, 176 S.W.3d 829, 832 (Tex.Crim.App.2005). Section 5 does not, however, bar review of complaints that do not challenge the decision to adjudicate. *See, e.g., Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex.Crim. App.2006).

An assertion that a defendant was not competent at the time of the adjudication hearing is such a complaint; it raises a preliminary due-process issue that must be resolved before the adjudication process may begin.[2] The adjudication process begins when the state files a motion to adjudicate, a motion that is based on an alleged violation of the terms or conditions of the deferred adjudication. The status of being incompetent is not a violation of a term or condition of community supervision and cannot, therefore, be the basis for a motion to adjudicate. If incompetence cannot be the basis for a motion to adjudicate, it cannot be the basis for a decision to adjudicate.[3] It is thus separate and distinct from the decision to adjudicate. Because it is a separate and distinct inquiry, the court of appeals has jurisdiction to resolve the issue.

With respect to its decision regarding its lack of jurisdiction over appellant's competence claim, we reverse the judgment of the court of appeals and remand to that court to consider the merits of appellant's competence claim.

KELLER, P.J., filed a concurring opinion.

KEASLER, J., filed a dissenting opinion.

WOMACK, J., did not participate.

KELLER, P.J., filed a concurring opinion.

I continue to adhere to my position in *Hogans v. State* that the appealability of a matter under the deferred adjudication statute depends entirely upon the relief sought.[1] To the extent appellant's "competency to stand trial" claim challenges the trial court's ability to determine his punishment, the claim is appealable.

KEASLER, J., filed a dissenting opinion.

I respectfully dissent. The majority's holding that the court of appeals erred in holding that it lacked jurisdiction to consider Durgan's competency claim under Texas Code of Criminal Procedure Article 42.12, Section 5(b) is at odds with our case law interpreting the prohibition against appeal from a trial judge's determination to proceed with adjudication of guilt.

The Due Process Clause to the United States Constitution prohibits the conviction of an incompetent defendant.[1] The standard for determining competency is whether the defendant " 'has sufficient

---

1. An amendment to this statute in 2007 removed this limitation and permits an appeal of a court's decision to proceed to an adjudication of guilt. SB 909, 80th Leg., Reg. Sess. (Tex.2007), effective June 15, 2007.

2. *See Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

3. This is not to say that, if the terms and conditions of deferred adjudication require participation in therapy programs designed to restore and maintain competence, failure to participate in those programs cannot be a basis for proceeding to adjudication.

1. 176 S.W.3d 829, 837–41 (Tex.Crim.App.2005)(Keller, P.J., dissenting).

1. *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him.' "[2] A trial judge is required to inquire into competency if the trial judge has reason to doubt a defendant's competence.[3] Competency to stand trial cannot be forfeited or waived by an incompetent defendant.[4]

Article 42.12, Section 5 governs community supervision when adjudication of guilt is deferred.[5] Subsection (b) of Section 5 addresses revocation of community supervision, adjudication of guilt, and the right to appellate review. When a defendant violates a condition of community supervision, the defendant "is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge."[6] The United States and Texas Constitutions do not provide a right to appellate review of state criminal convictions; the Texas Legislature establishes when a defendant will have the right to appellate review.[7] With regard to a trial judge's determination to proceed with adjudication of guilt, the Legislature has said, "No appeal may

be taken from this determination."[8] "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."[9] Thus, a defendant has the right to appeal "aspects of the 'second phase to determine punishment.' "[10] On appeal, courts " 'must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided the right to appeal.' "[11] In several cases, we have identified particular claims that are barred by the prohibition against appeal from the trial judge's determination to proceed with adjudication of guilt.

In *Williams v. State*, we held that we did not have jurisdiction to consider the appellant's claim that the evidence was insufficient to revoke probation and adjudicate guilt.[12] We reasoned that "the statute clearly provides that the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion and not reviewable...."[13] We reaffirmed this determination in *Wright v. State*,[14] *Shields v. State*,[15] and *Daniels v. State*.[16]

2. *Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam)).

3. *Robinson*, 383 U.S. at 385, 86 S.Ct. 836.

4. *Id.* at 384, 86 S.Ct. 836; *see also Marin v. State*, 851 S.W.2d 275, 278–80 (Tex.Crim.App. 1993).

5. Tex.Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2006).

6. Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b).

7. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992); *Marin*, 851 S.W.2d at 277–78.

8. Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b).

9. *Id.*

10. *Hogans v. State*, 176 S.W.3d 829, 833 (Tex. Crim.App.2005) (citing *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App.2001)).

11. *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim.App.2006) (quoting *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992)).

12. 592 S.W.2d 931, 932–33 (Tex.Crim.App. 1979).

13. *Id.*

14. 592 S.W.2d 604, 605–06 (Tex.Crim.App. 1980).

15. 608 S.W.2d 924, 927–28 (Tex.Crim.App. 1980).

In *Phynes v. State*, we held that the court of appeals correctly determined that it did not have jurisdiction to consider the appellant's claim that he was denied his right to counsel at the adjudication hearing.[17]

Less than a month after *Phynes*, in *Olowosuko v. State*, we held that the court of appeals's dismissal of the appellant's claims challenging the trial court's decision to proceed with adjudication of guilt was correct.[18] Before the Dallas Court of Appeals, the appellant claimed that: (1) the trial judge erred in denying his motion to quash the State's motion to revoke; (2) the condition of probation was vague and indefinite; and (3) the trial court abused its discretion by adjudicating him guilty.[19] We concluded that the appellant's claims did not challenge "the judgment of the trial court" and that "the Legislature meant what it said in Article 42.12, Section 5(b): 'No appeal may be taken from this determination to proceed with adjudication of guilt.' "[20]

In *Connolly v. State*, we relied on *Williams*, *Phynes*, and *Olowosuko* in holding that "Article 42.12, § 5, prohibited the appellant from raising a claim of error (insufficiency of the evidence to prove due diligence [to apprehend him and hold a revocation hearing]) in the adjudication of guilt process."[21]

More recently, in *Hogans v. State*, we held that "a court of appeals has jurisdiction to consider the merits of a claim that temporally arises before the act of adjudication if the claim directly and distinctly related to punishment rather than the decision to adjudicate."[22]

There, the appellant claimed that his adjudication counsel rendered ineffective assistance by calling his children to testify during the adjudication hearing.[23] The appellant asserted that counsel's ineffective assistance "affected his rights in the punishment phase."[24] We observed that, although a defendant cannot raise an ineffective assistance of counsel claim relating to the adjudication of guilt under *Phynes*,[25] a defendant may raise an ineffective assistance of counsel claim relating to the punishment proceeding.[26] We recognized that evidence presented for purposes of adjudication may be considered when assessing punishment, especially where the adjudication and sentencing hearings are not compartmentalized.[27] We said that "evidence and procedures that relate directly and distinctly to the sentence imposed are cognizable on direct appeal when the events themselves occur before the magic words 'I find you guilty.' "[28] But we advised, "The fact that a defendant may appeal sentencing claims that temporally occur during adjudication 'proceedings' does not give an appellate court jurisdiction to con-

---

16. 615 S.W.2d 771, 771 (Tex.Crim.App.1981).

17. 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

18. 826 S.W.2d at 941–42.

19. *Olowosuko v. State*, No. 5–90–00105–CR (Tex.App.-Dallas Dec. 4, 1990) (per curiam) (not designated for publication).

20. *Olowosuko*, 826 S.W.2d at 942.

21. 983 S.W.2d 738, 741 (Tex.Crim.App.1999).

22. 176 S.W.3d at 830.

23. *Id.* at 832.

24. *Id.*

25. *Id.* at 833 (citing *Phynes*, 828 S.W.2d at 2; *Olowosuko*, 826 S.W.2d at 942 n. 2).

26. *Id.* (citing *Kirtley*, 56 S.W.3d at 51).

27. *Id.* at 833–34, 835.

28. *Id.* at 834.

sider any issue framed as a punishment issue." [29]

In evaluating the appellant's specific claim of ineffective assistance, we determined that it did "not directly and distinctly affect only the 'second phase'" because the trial judge considered the testimony from the appellant's children when adjudicating guilt. [30] We reasoned, "The fact that evidence may be probative to both the decision to adjudicate and to the assessment of an appropriate punishment does not convert adjudication evidence into punishment evidence." [31]

Finally, in *Davis v. State*, the appellant claimed that the trial court did not have jurisdiction to adjudicate guilt because he did not have counsel when the trial court extended the term of his supervision. [32] Based on this, the appellant alleged that both the extension and adjudication were void. [33] The court of appeals held that the adjudication was void because it "occurred outside of the authorized period of supervision[.]" [34] Reversing the court of appeals, we held that the language prohibiting an appeal from the determination to adjudicate guilt in Section 5(b) does not contain a jurisdictional exception. [35] In doing so, we stated: "A jurisdictional attack on the trial court's determination is still an attack on that determination, and it may not be advanced on appeal." [36]

Without discussing these cases, the majority holds that appellate courts have jurisdiction to review a claim of incompetency at adjudication because competency is "separate and distinct from the decision to adjudicate." [37] I disagree and would affirm the court of appeals's determination that "an appeal that involves competency at the adjudication hearing is an appeal that involves the trial court's determination of whether to proceed against the defendant with a 'guilty' finding on the original charge." [38]

The issue of competency at the time of the adjudication hearing is part of the trial judge's determination to proceed with adjudication of guilt and therefore is not appealable. When a trial judge finds a defendant competent, that finding, like jurisdiction [39] and sufficiency of the evidence to support an alleged violation by a preponderance of the evidence, [40] is one decision among multiple decisions that a trial judge will make in his or her overall determination whether to proceed with adjudication of guilt. [41] And when a trial judge finds a defendant incompetent, he or she cannot proceed with adjudication of guilt. [42] Therefore, when finding incompetency, a trial judge has made a determination of whether to proceed with adjudication of guilt by concluding that proceeding with

29. *Id.*

30. *Id.* at 835.

31. *Id.*

32. *Id.* at 709.

33. *Id.*

34. *Id.* at 710.

35. 195 S.W.3d at 709, 712.

36. *Id.*

37. *Ante,* op. at 878.

38. *Durgan v. State*, 192 S.W.3d 884, 887 (Tex. App.-Beaumont 2006).

39. *Davis,* 195 S.W.3d at 712.

40. *Williams,* 592 S.W.2d at 932–33.

41. *Connolly,* 983 S.W.2d at 741 (stating that the trial judge's "decision on due diligence issue was merely part of its decision to revoke and proceed to judgment[.]"); *Phynes,* 828 S.W.2d at 2.

42. *Robinson,* 383 U.S. at 378, 86 S.Ct. 836.

adjudication of guilt is prohibited. So under Article 42.12, Section 5(b), a challenge to a trial judge's competency determination constitutes an attack on the trial judge's determination to adjudicate guilt and therefore cannot be appealed. A defendant, however, is not left without any opportunity to seek relief-such a challenge may be raised on an application for post-conviction writ of habeas corpus.[43]

---

**43.** *Davis,* 195 S.W.3d at 713 (Cochran, J., concurring); *see also Cooper v. State,* 45 S.W.3d 77, 82 (Tex.Crim.App.2001) (stating that a plea-bargaining defendant may challenge the voluntariness of his or her plea on habeas even though Rule 52.2(b) prohibits such a claim on direct appeal).