

# NUMBERS 13-07-00591-CR and 13-07-00592-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTOPHER JAMES GREGORY,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Christopher James Gregory, challenges the trial court's revocation of community supervision and adjudication of guilt. By one issue, appellant contends that the evidence is insufficient to support the trial court's finding that he violated the terms of community supervision. We affirm.

## I. Procedural Background

In cause number 05-1-21, 507-A, appellant pleaded guilty to the offense of credit card abuse, and the trial court sentenced him to five years of community supervision. *See* TEX. PENAL CODE ANN. § 32.21 (Vernon Supp. 2007). In cause number 05-1-21, 506-A, appellant pleaded guilty to the offense of retaliation, and the trial court deferred adjudication for five years. *See* TEX. PENAL CODE ANN. § 36.06 (Vernon Supp. 2007).[1] The State filed a motion to revoke community supervision and a motion to adjudicate guilt, alleging that appellant violated condition number 1 of his community supervision, by committing the offense of tampering with physical evidence.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 5(b), 21 (Vernon Supp. 2007); TEX. PENAL CODE ANN. § 37.09(a)(1) (Vernon Supp. 2007). After appellant pleaded "not true," the trial court found appellant violated condition 1, revoked his community supervision for credit card abuse, and adjudicated him guilty of retaliation. The trial court sentenced appellant to two years' confinement in state jail and a $1,000 fine for credit card abuse and six years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine for retaliation. Appellant filed an appeal challenging the sufficiency of the evidence supporting the trial court's finding that he violated a condition of community supervision.[3]

---

[1] Because the State produced the same evidence to prove that appellant violated a term and condition of his community supervision and adjudication of guilt at one hearing, and appellant challenges the sufficiency of that evidence, we address both causes in the same opinion.

[2] Under condition number 1, appellant was not to "commit any offense against the laws of this State or any other State or of the United States of America."

[3] An amendment to article 42.12 section 5(b) in 2007 removed the limitation on a defendant's ability to appeal an adjudication of guilt. *Drugan v. State*, 240 S.W.3d 875, 878 (Tex. Crim. App. 2007). The amendment now "permits an appeal of a court's decision to proceed to an adjudication of guilt." *Id.*; TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp 2007). The act amending section 5(b) provides:

Subsection (b), Section 5, Article 42.12, Code of Criminal Procedure, as amended by this

## II. Standard of Review and Applicable Law

When reviewing a trial court's revocation of community supervision, we apply an abuse of discretion standard of review. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *McDonald v. State*, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980). We review the adjudication of guilt in the same manner as the revocation of regular community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2007) (providing that an appellate court reviews the determination of adjudication of guilt in the same manner as it reviews a revocation hearing conducted when the defendant has violated community supervision). We examine the evidence in the light most favorable to the trial court's order revoking community supervision. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

At the hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Rickels*, 202 S.W.3d at 763; *see Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim App. 1993). The State meets its burden "when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his probation as the State alleged" in its motion to revoke. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983) (quoting *Martin v. State*, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. 1981)).

---

Act, applies to a hearing conducted under that section on or after the effective date of this Act, regardless of when the adjudication of guilt was originally deferred or when the offense giving rise to the grant of deferred adjudication community supervision was committed.

Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Gen. Laws 4395, 4413 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2007)). The act took effect on June 15, 2007. *Id.* § 68, 2007 Tex. Gen. Laws at 4414. The trial court conducted appellant's hearing on June 27, 2007, after the effective date of the amendment. Therefore, we have jurisdiction over appellant's appeal. *See id.*

A person commits the offense of tampering with evidence if: (1) the defendant knows that an investigation or official proceeding is pending or in progress; (2) the defendant alters, destroys, or conceals any record, document, or thing, and; (3) the defendant intends to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09(a)(1) (Vernon Supp. 2007).

## III. Analysis

By his sole issue, appellant contends that the evidence is insufficient to support the trial court's finding that he violated a condition of his community supervision by committing the offense of tampering with physical evidence. Specifically, appellant asserts that the State did not prove that the substance in his mouth was cocaine. He also contends that there was no evidence to support the finding that he altered, destroyed, or concealed anything.

## A. Evidence of Cocaine

First, appellant argues that the State did not prove that the substance in his mouth was cocaine. Appellant does not cite to any authority and we find none which requires the State to prove that the substance was, in fact, cocaine. Furthermore, under the plain language of section 37.09(a)(1) of the penal code, the State must only prove that the defendant altered, destroyed, or concealed any record, document, or thing intending to impair its use as evidence. *Id.*; *see Vaughn v. State*, 33 S.W.3d 901, 903-04 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (finding the evidence legally and factually

4

sufficient to prove the essential elements of tampering with physical evidence even though the State could only prove that the defendant destroyed an unknown object).

## B. Evidence of Destruction

Appellant also argues that there is no evidence, other than Officer James Kelemen's testimony, that he had anything in his mouth or attempted to chew and swallow a substance. We construe this as a challenge to the second element of tampering with physical evidence: that he altered, destroyed, or concealed a record, document, or thing. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (Vernon Supp. 2007).

At the hearing, the State presented the testimony of Officer Kelemen. He testified that he responded to a call for backup from Officer Mark Walls after Officer Walls stopped appellant for a traffic violation. When Officer Kelemen approached the scene, he noticed that appellant "had something in his mouth he was trying to chew, without being observed." Officer Walls asked appellant to open his mouth and grabbed the sides of his cheeks in order to prevent appellant from closing his jaw. Officer Kelemen testified that he and Officer Walls could not get appellant to open his jaw, so they "took him to the ground." Once on the ground, according to Officer Kelemen's testimony, appellant continued chewing and produced a frothy foam. The officers' actions, which included applying pepper spray, were not effective in emptying appellant's mouth. Eventually, appellant ingested the frothy foam. When appellant finally opened his mouth, Officer Kelemen saw that it was coated with a cloudy film. Officer Kelemen maintained that appellant's actions affected the availability of the evidence. A search of appellant's car produced wire mesh (Brillo pads), which Officer Kelemen testified is used as a filter for crack pipes.

5

After viewing the evidence in the light most favorable to the trial court's order revoking community supervision, we conclude the preponderance of the evidence supports the finding that appellant violated a condition of his community supervision by tampering with physical evidence.  Therefore, we conclude that the trial court did not abuse its discretion.  We overrule appellant's sole issue.

## IV.  Conclusion

We affirm.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of May, 2008.