NUMBER 13-07-00388-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALBERT AYSON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Albert Ayson, appeals from the trial court's revocation of his deferred
adjudication community supervision. By one issue, appellant contends that the trial court
violated his right to due process. We dismiss for want of jurisdiction.


I. Background

 Ayson pleaded guilty to five counts of indecency with a child. See Tex. Penal Code
Ann. § 21.11 (Vernon 2003). The trial court deferred adjudication and sentenced him to
community supervision for ten years. See Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon
Supp. 2007). The State filed an original motion to revoke Ayson's community supervision
alleging that he "failed to participate in treatment by continuing to engage in deviant sexual
behavior." Ayson pleaded "true" to the allegation and, following an agreed
recommendation, the trial court sanctioned Ayson and extended his community
supervision.

 The State then filed a motion requesting reconsideration of its motion to revoke. In
its motion, the State asked the trial court to revoke Ayson's community supervision and
adjudicate him guilty. The trial court granted the motion to reconsider and held a new
hearing on the motion to revoke. Following Ayson's plea of "not true," the trial court found
that the allegation in the State's original motion to revoke was true. The trial court revoked
Ayson's community supervision, adjudicated him guilty of five counts of indecency with a
child, and sentenced him to twenty years in jail.II. Jurisdiction

 In his sole issue, Ayson complains that his right to due process was violated when
the trial court granted the State's motion to reconsider, and revoked his community
supervision, and adjudicated him guilty. The State contends that this Court does not have
jurisdiction over Ayson's appeal. We agree.

 The trial court's adjudication of Ayson's guilt occurred on June 14, 2007. At that
time, article 42.12, section 5(b) of the Texas Code of Criminal Procedure, the statute
applicable to appeals of adjudications of guilt, was strictly interpreted to mean that the
courts of appeals did not have jurisdiction to consider claims relating to the trial court's
determination to proceed with an adjudication of guilt on the original charge. (1) See Davis
v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). "With regard to deferred
adjudication, the Legislature authorized appeal of only two types of orders: (1) an order
granting deferred adjudication, and (2) an order imposing punishment pursuant to an
adjudication of guilt." Id. at 711.

 Ayson's complaint in this appeal is that the trial court reconsidered its original
decision to return him to probation, and proceeded to revoke his community supervision
and adjudicate him guilty, without a determination that he committed a new violation of
probation. This relates to the determination to proceed with a guilty finding on the original
charge. See Cole v. State, 931 S.W.2d 578, 580 (Tex. App.-Dallas 1995, pet. ref'd)
(dismissing the appeal for lack of jurisdiction when the appellant contended that his due
process rights were violated because the judgment did not state the reasons or the
evidence the trial court relied on to revoke his community supervision). Ayson merely
contests the basis underlying the trial court's determination, which is prohibited by article
42.12, section 5(b). We therefore lack jurisdiction to address his appeal. See Davis, 195
S.W.3d at 710.

III. Conclusion

 Accordingly, we dismiss this appeal for want of jurisdiction.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of June, 2008.
1. Article 42.12 section 5(b) was amended in 2007. Act of May 28, 2007, 80th Leg., R.S., ch. 1308,
§ 53, 2007 Tex. Gen. Laws 4395, 4413 (current version at Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(Vernon Supp. 2007)). The amended statute now "permits an appeal of a court's decision to proceed to an
adjudication of guilt." Durgan v. State, 240 S.W.3d 875, 878 (Tex. Crim. App. 2007); see Tex. Code Crim.
Proc. Ann. art. 42.12 § 5(b) (Vernon Supp 2007). The act amending section 5(b) provides:


 Subsection (b), Section 5, Article 42.12, Code of Criminal Procedure, as amended by this
Act, applies to a hearing conducted under that section on or after the effective date of this
Act, regardless of when the adjudication of guilt was originally deferred or when the offense
giving rise to the grant of deferred adjudication community supervision was committed.


Id. § 53, 2007 Tex. Gen. Laws at 4413. The act took effect on June 15, 2007. Id. § 68, 2007 Tex. Gen. Laws
at 4414. The trial court conducted Ayson's hearing on June 14, 2007; therefore, former article 44.12 applies.