Affirmed and Memorandum Opinion on Remand filed October 23, 2008








Affirmed and Memorandum Opinion on Remand filed October 23,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01015-CR

____________

 

RICHARD ROBLES VIGIL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 824,929

 



 

M E M O R A N D U M   O P I N I O N   O N   R E M A N D








Appellant Richard Robles Vigil entered a plea of guilty to
the offense of indecency with a child.  The trial court deferred adjudication
of guilt and placed appellant on community supervision.  Subsequently, the
State alleged appellant had violated the conditions of community supervision
and moved to adjudicate his guilt.  The trial court adjudicated appellant=s guilt and
sentenced him to two years= confinement.  On original submission,
appellant contended that the trial court erred in not sua sponte holding
a hearing on his competency.  We dismissed for want of jurisdiction because
appellant attempted to appeal the trial court=s decision to
adjudicate his guilt.  Vigil v. State, No. 14-05-01015-CR, 2006 WL
1911483 (Tex. App.CHouston [14th Dist.] July 13, 2006) (mem.
op.).  Subsequently, the Court of Criminal Appeals resolved a conflict among
the courts of appeals and held that a court of appeals has jurisdiction to
consider the merits of a defendant=s claim that he
was not competent at the time of the hearing on the State=s motion to
adjudicate guilt.  Durgan v. State, 240 S.W.3d 875, 878 (Tex. Crim. App.
2007).  The court vacated our July 13, 2006, judgment and remanded to this
court in light of its decision in Durgan.  Vigil v. State, No.
PD-1598-06, 2008 WL 366628 (Tex. Crim. App. Feb. 6, 2008) (not designated for
publication).  We therefore address appellant=s sole issue in
which he contends the trial court erred in not sua sponte holding a
hearing on his competency.  On remand, we affirm.

On May 3, 2000, appellant was placed on ten years= deferred
adjudication probation for indecency with a child.  On June 27, 2005, the State
filed a motion to adjudicate appellant=s guilt, alleging
he violated his deferred adjudication probation by committing another offense
and failing to participate in the sex offender treatment program.  On July 14,
2005, the trial court ordered that psychiatric and medical examinations be
performed on appellant because he showed signs of mental illness.  A
psychiatric report filed August 18, 2005 indicated appellant did not need
psychiatric medications.  On September 9, 2005, the trial court entered
judgment adjudicating guilt and sentenced appellant to two years= incarceration.

In a
single issue, appellant argues that because the trial court noted he showed
signs of mental illness, the trial court should have stayed the hearing on the
motion to adjudicate and ordered a test to determine his competency. 








We review a trial court=s decision not to
conduct an informal competency inquiry under an abuse of discretion standard.  Moore
v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); Lawrence v. State,
169 S.W.3d 319, 322 (Tex. App.CFort Worth 2005, pet. ref=d).  A defendant
is presumed competent to stand trial and shall be found competent to stand
trial unless proved incompetent by a preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art.
46B.003(b) (Vernon 2006).  A defendant is incompetent to stand trial if he
lacks (1) sufficient present ability to consult with his lawyer with a
reasonable degree of rational understanding or (2) a rational, as well as
factual, understanding of the proceedings against him.  Id. art.
46B.003(a).  Either party may suggest by motion, or the trial court may suggest
on its own motion, that the defendant may be incompetent to stand trial.  Id.
art. 46B.004(a).  If evidence suggesting the defendant may be incompetent to
stand trial comes to the attention of the trial court, the court on its own
motion shall suggest that the defendant may be incompetent to stand trial.  Id.
art. 46B.004(b).  On suggestion that the defendant may be incompetent to stand
trial, the court shall determine by informal inquiry whether there is some
evidence from any source that would support a finding that the defendant may be
incompetent to stand trial.  Id. art. 46B.004(c).

A competency inquiry is not required, however, unless the
evidence is sufficient to create a bona fide doubt in the mind of the trial
court about whether the defendant is legally competent.  McDaniel v. State,
98 S.W.3d 704, 710 (Tex. Crim. App. 2003).  Evidence is usually sufficient to
create a bona fide doubt regarding competency if it shows Arecent severe
mental illness, at least moderate mental retardation, or truly bizarre acts by
the defendant.@  Id.  Evidence capable of creating a bona fide
doubt about a defendant=s competency may come from the trial court=s own
observations, known facts, evidence presented, motions, affidavits, or any
other claim or credible source.  Brown v. State, 129 S.W.3d 762, 765
(Tex. App.CHouston [1st Dist.] 2004, no pet.).

In this case, the trial court signed an order for
psychiatric or medical review on July 14, 2005.  In that order, the trial court
noted that appellant displayed Asymptoms of mental illness.@  On July 27,
2005, a medical status report was filed indicating that appellant was
physically able to attend court.  On August 18, 2005, a psychiatric status
report was filed in which the attending physician noted that appellant did not
need psychiatric medications.








At the beginning of the hearing on the motion to
adjudicate, the trial court admonished appellant that if he pleaded not true to
the allegations in the motion and proceeded to trial, he would not be able to
accept the plea bargain offered by the State.  The court permitted appellant to
consult with his attorney prior to his plea.  There was no indication either
from appellant or his attorney that he was unable to consult with his attorney
about the consequences of his plea.  There was never an allegation, nor
evidence, that appellant could not consult with his lawyer with a reasonable
degree of rational understanding or that he did not have a rational as well as factual
understanding of the proceedings against him.  Appellant presented no evidence
that would raise a bona fide doubt about his competency prior to his plea of
not true to the allegations in the State=s motion to adjudicate.

Upon review, we conclude that the trial court did not abuse
its discretion in failing to hold an informal inquiry into appellant=s competence to
stand trial because no evidence suggests that appellant lacked (1) sufficient
present ability to consult with his lawyer with a reasonable degree of rational
understanding or (2) a rational as well as factual understanding of the
proceedings against him.  See Tex.
Code Crim. Proc. Ann. art. 46B.003(a).  There is no evidence indicating
recent severe mental illness, moderate mental retardation, or truly bizarre
acts by appellant.  See Collier v. State, 959 S.W.2d 621, 625 (Tex.
Crim. App. 1997); Salahud‑Din v. State, 206 S.W.3d 203, 209 (Tex.
App.CCorpus Christi
2006, pet. ref=d).  Evidence of mental impairment alone does not
require a competency hearing where no evidence indicates that a defendant is
incapable of consulting with counsel or understanding the proceedings against
him.  Reed v. State, 112 S.W.3d 706, 710B11 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  Accordingly, the trial court=s failure to
conduct an informal competency inquiry did not constitute an abuse of
discretion.

We overrule appellant=s sole issue and
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

Judgment rendered and Memorandum Opinion
on Remand filed October 23, 2008.

Panel consists of Chief Justice Hedges and
Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).