In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-00501-CR


____________________



NAKEESHA DURGAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 22474






 MEMORANDUM OPINION


 This appeal is before us for consideration of the trial court's retrospective
determination that Nakeesha Durgan was incompetent at the time of her adjudication hearing
in 2004. We vacate in part, and reverse and remand in part.

 This case has a complicated procedural history. The timeline of pertinent events is
as follows:



 2006. This Court considered Nakeesha Durgan's appeal from the trial court's
decision to proceed to adjudication after finding she had violated terms of her
deferred-adjudication community supervision. Durgan v. State, 192 S.W.3d
884, 885 (Tex. App.-Beaumont 2006, rev'd 240 S.W.3d 875 (Tex. Crim. App.
2007). Among other claims, Durgan contended that the trial court erred by
failing to order an evaluation of her competency to stand trial. Id. at 887. We
concluded we had no jurisdiction to consider this issue because it involved the
trial court's decision to proceed to adjudication on Durgan's original charge. 
Id. 


 


 2007. The Court of Criminal Appeals determined that we had jurisdiction over
Durgan's competency claim and reversed and remanded the cause for us to
consider the claim's merits. Durgan v. State, 240 S.W.3d 875, 878 (Tex.
Crim. App. 2007). 


 


 June 2008. On remand, we concluded that the trial court erred in failing to
order a competency examination. Durgan v. State, 259 S.W.3d 219, 228 (Tex.
App.-Beaumont 2008, no pet.). We abated Durgan's appeal and remanded the
case for a retrospective determination of whether Durgan was incompetent at
the time of her adjudication hearing in November 2004, if that determination
could be made after the passage of over three and one-half years. Id. at 228-29. 


 


 October 2008. After appointing an expert to examine Durgan, the trial court
conducted its retrospective competency hearing. The trial court found that at
the time of the 2004 adjudication, Durgan was incompetent to stand trial as a
result of mental retardation. The trial court recommended that we reverse the
adjudication of guilt and remand the case to the trial court for further
proceedings.


 


 December 2008. We reinstated the appeal and gave the parties an opportunity
for additional briefing. Both Durgan and the State filed supplemental briefs. 


 

 In her supplemental brief, Durgan presents the same five issues that she argued in her
original appellate brief: 1) the trial court erred in not having her evaluated to determine if
she was competent to stand trial for a revocation hearing; 2) Durgan's counsel was
ineffective; 3) Durgan's guilty plea was involuntary; 4) the evidence was insufficient to show
that the charged offense occurred in a drug-free zone; 5) Durgan's sentence constituted cruel
and unusual punishment.

 Because we have previously considered and rejected issues two, three, four, and five,
we need not reconsider them. See Howlett v. State, 994 S.W.2d 663, 666 (Tex. Crim. App.
1999). Under the law-of-the-case doctrine, an appellate court's resolution of a question of
law in a previous appeal of the same case will govern the disposition of the same issue when
raised in a subsequent appeal. Id. The law-of-the-case doctrine promotes judicial
consistency and eliminates the need for appellate courts to prepare opinions discussing
previously resolved matters. Id. Under this doctrine, trial courts are assured that they may
rely on an appellate court's disposition of an issue in the case before the trial court. Id. 

 After conducting a retrospective competency hearing, the trial court determined that
Durgan was incompetent at the time of the 2004 adjudication hearing because of mental
retardation. The court recommends that Durgan's adjudication be reversed and the case
remanded to the trial court. The State concludes that the trial court's proposed resolution is
"proper under the record." Durgan asks this Court to "reverse the trial court's decision to
adjudicate an[d] order a new trial (i.e. hearing) on the State's Motion to Adjudicate. . . ."

 A defendant must be competent to stand trial. Ex parte Hagans 558 S.W.2d 457, 460-61 (Tex. Crim. App. 1977). This requirement extends to adjudication hearings. Durgan, 240
S.W.3d at 878 (finding that a defendant's incompetency claim raises a preliminary due-process issue that must be resolved before the adjudication process (1)
 may begin); Gilbert v.
State, 852 S.W.2d 623, 626 (Tex. App.-Amarillo 1993, no writ). When incompetence is
determined in a retrospective competency hearing, the proper remedy is to grant the
defendant a new trial. Ex parte Winfrey, 581 S.W.2d 698, 699 (Tex. Crim. App. 1979). In
our view, the principles of Ex parte Winfrey apply in this case. Thus, we find that when
incompetence at an adjudication hearing is determined retrospectively the appropriate remedy
is to allow the defendant a new adjudication hearing. See id.

 Accordingly, we vacate the trial court's grant of the State's motion to proceed with
adjudication, we reverse the trial court's judgment signed November 2, 2004, in which the
court adjudicated Durgan's guilt and sentenced her to prison, and we remand this cause to
the trial court for a new adjudication hearing.


 VACATED IN PART; REVERSED AND REMANDED IN PART.

 

 _____________________________

 HOLLIS HORTON

 Justice



Submitted on March 13, 2009

Opinion Delivered April 1, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The Durgan Court explained that "[t]
he adjudication process begins when the state
files a motion to adjudicate, a motion that is based on an alleged violation of the terms or
conditions of the deferred adjudication." Durgan v. State, 240 S.W.3d 875, 878 (Tex. Crim.
App. 2007).