

# IN THE
# TENTH COURT OF APPEALS

No. 10-07-00172-CR

JAMES WILEY BARNES, III,

                                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                                    Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2006-586-C2**

# MEMORANDUM  OPINION

James Wiley Barnes, III appeals the trial court's revocation of his deferred adjudication community supervision and imposition of a six-year prison sentence.  We will affirm the trial court's judgment.

Barnes had entered into a negotiated plea agreement in which he pled guilty to the second-degree felony offense of aggravated assault—threat with a deadly weapon and was placed on deferred adjudication community supervision for five years, beginning June 20, 2006.  The State filed a motion to adjudicate guilt on March 21, 2007,

alleging fifteen violations of community supervision. After an April 27, 2007 hearing, on April 30, 2007, the trial court found Barnes guilty and assessed the six-year sentence. Barnes appeals, asserting in two issues that he did not fail to avoid injurious or vicious habits and that he did not fail to avoid contact with the victim.

The State points out that Barnes may not raise these issues under the version of section 5(b) of article 42.12 in effect at the time of Barnes's guilty plea and the adjudication proceedings.

A defendant was statutorily prohibited from complaining on appeal of errors occurring at the hearing on the State's motion to proceed to adjudication. *Gray v. State*, 134 S.W.3d 471, 472 (Tex. App.—Waco 2004, pet. denied) (citing *Connolly v. State,* 983 S.W.2d 738, 741 (Tex. Crim. App. 1999)). At the time relevant to this case, section 5(b) provided: "The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.*" *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Sess. Law Serv. 4404, 4405 (amending section 5(b) to provide that the trial court's "determination is reviewable in the same manner as a revocation hearing conducted under Section 21" of Article 42.12) (emphasis added) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008)); *see Durgan v. State,* 240 S.W.3d 875, 877-78 (Tex. Crim. App. 2007).

Section 5(b) of article 42.12 has been amended to treat decisions to adjudicate similarly to decisions to revoke community supervision, but the amended statute

applies only to decisions to adjudicate made on or after June 15, 2007. *Durgan*, 240 S.W.3d at 877 n.1; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b).

Under the applicable law, we dismiss Barnes's two issues. The trial court's judgment is affirmed.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed April 1, 2009
Do not publish
[CR25]