# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00594-CR
NO. 03-13-00595-CR

**Joseph Edward McKenzie, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NOS. 2008R-073 & 2008R-074,
THE HONORABLE JEFF R. STENHAUSER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In each of these appeals, Joseph Edward McKenzie has a filed notice of appeal from the trial court's judgment adjudicating him guilty of the offense of delivery of a controlled substance. The clerk's record in each case contains a trial-court certification indicating that this is a plea-bargain case and that McKenzie has no right of appeal. However, that certification relates to the original order deferring adjudication and placing him on community supervision. The records do not contain a certification of McKenzie's right to appeal the judgment adjudicating his guilt.

Under the rules of appellate procedure, a trial court has a mandatory duty to enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." *See* Tex. R. App. P. 25.2(a)(2). A defendant may appeal from a judgment

adjudicating guilt. *See* Tex. Code Crim. Proc. art. 42.12, § 5(b) (providing that trial court's determination to adjudicate guilt on original charge "is reviewable in the same manner as a revocation hearing . . . in a case in which an adjudication of guilt has not been deferred"); *Durgan v. State*, 240 S.W.3d 875, 878 n.1 (Tex. Crim. App. 2007); *Gavin v. State*, 404 S.W.3d 597, 604 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Consequently, a trial court is required to enter a written certification of a defendant's right of appeal from the judgment adjudicating guilt.

We therefore abate these causes and remand them to the trial court for entry of a proper certification of McKenzie's right of appeal from the judgment adjudicating guilt in each of these cases.[1] *See Cortez v. State*, --- S.W.3d ---, No. PD-1349-12, 2013 WL 5220904, at *2–3 (Tex. Crim. App. Sept. 18, 2013) (holding that appellate court should have ordered trial court to prepare and file required certification of defendant's right to appeal instead of dismissing appeal for lack of certification, and remanding cause to court of appeals to order trial court to file required certification). Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than February 26, 2014. *See* Tex. Rule App. P. 34.5(c)(2) (appellate court may order trial court to prepare and file certification of defendant's right of appeal, and trial-court clerk must prepare and file supplemental record containing certification in appellate court); *see also Cortez*, 2013 WL 5220904, at *3.

---

[1] We do not order the trial court to certify that McKenzie *has* a right of appeal in these cases, but order the court to prepare a certification that indicates *whether* he has a right of appeal. *See Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005) ("While an appellate court may require a trial court to certify whether there is a right of appeal, the appellate court may not dictate the content of the certification.").

Before Justices Puryear, Goodwin, and Field

Abated

Filed:   February 12, 2014

Do Not Publish