**Opinion issued December 10, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00600-CR

———————————

**KRISTIAN JOSEPH LAFLASH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 355th District Court**
**Hood County, Texas**
**Trial Court Case No. CR13693**

---

## OPINION CONCURRING IN ABATEMENT ORDER

The central issue in this appeal is whether a defendant's competency to stand trial may be raised at the adjudication of guilt stage after a defendant has violated the terms of deferred-adjudication community supervision. This is an area of the law fraught with complexity and difficulty. I largely agree with the majority's

interpretation of the law, but I disagree to some extent with the majority's analysis and disposition. Therefore, I concur in the abatement order. Like the majority, I would remand this case to the trial court, but I would require a full competency hearing on remand and a decision by the trial court consistent with its findings.

At his plea hearing, appellant, Kristian Joseph Laflash, after a brief inquiry into his competence to stand trial, but with no trial or ruling on competency, waived his constitutional rights to trial and to appeal and pleaded guilty to the second-degree felony offense of indecency with a child by sexual contact pursuant to an agreed punishment recommendation from the State. The trial court placed him on deferred-adjudication community supervision for eight years. Shortly thereafter, the State moved to adjudicate appellant's guilt, alleging that appellant had violated the terms and conditions of his community supervision. The trial court held a hearing, found three allegations true, found appellant guilty of the charged offense, and assessed his punishment at confinement for eighteen years. Again, it heard evidence relevant to appellant's competency, but it did not conduct a competency trial.

On this appeal from the order adjudicating his guilt, appellant argues that he was not mentally competent to waive his constitutional rights during the initial plea hearing or to participate in the subsequent hearing to adjudicate his guilt. After finding that we lack jurisdiction to address errors made at the initial plea hearing, the majority opines with respect to the revocation and adjudication hearing,

2

Because we conclude the record contains a suggestion from a credible source that appellant may be incompetent, we hold that the trial court abused its discretion when it failed to conduct an informal inquiry into appellant's competency to stand trial during the hearing on the motion to adjudicate. We therefore sustain appellant's second issue, abate appellant's appeal, and remand to the trial court for further proceedings consistent with this order.

Slip Op. at 2–3.

I agree. However, in my view, the trial court *did* conduct an informal inquiry into appellant's competency to stand trial on defense counsel's motion—albeit improperly—at the initial plea hearing, implicitly found appellant competent, and so skipped a full competency trial, and, in accordance with the parties' agreed punishment recommendation, deferred adjudication of guilt and placed appellant on community supervision. But, as shown below, the trial court applied an improper standard of proof to determine whether to proceed from an informal inquiry to a full competency trial. It also improperly refused to reconsider its initial determination of competency in light of new evidence of incompetency raised at the adjudication of guilt stage, denying appellant his constitutional right to due process. Because there is more than a scintilla of evidence as to appellant's incompetency, I would remand the case to the trial court with instructions to conduct a full competency trial, as required by appellant's constitutional right to due process.

## Competency to Stand Trial

### A. Jurisdiction to Address Competency at Plea Hearing and at Adjudication Hearing

In his first issue, appellant argues that he "did not have the capacity to understand and intelligently waive his constitutional rights during [his] plea hearing in this case, because [he] did not have sufficient mental capacity." The majority does not address this threshold jurisdictional issue.

The majority addresses only appellant's second issue, in which appellant argues that his due process rights were violated because he was incompetent when the trial court revoked his community supervision and adjudicated his guilt. He contends that, based on his father's and his probation officer's testimony during the hearing on the State's motion to adjudicate, as well as statements in the report of the court-appointed competency examiner from the plea hearing, Dr. Norman, the trial court should have abated the adjudication hearing to evaluate his competency to stand trial. Slip Op. at 9.

The majority then sets out the law for issues relating to competency, but it does so without citing to authority on the threshold issue of whether the trial court had jurisdiction to address appellant's competency to stand trial at the adjudication hearing. The law on this question is clear, however. The controlling case is *Durgan v. State*, 240 S.W.3d 875 (Tex. Crim. App. 2007), and the answer is that the trial court did have such jurisdiction.

In *Durgan*, the State filed a motion to adjudicate the guilt of the defendant, who had been placed on community supervision after pleading guilty to delivery of less than one gram of cocaine within 1000 feet of a school. *Id.* at 876. The trial court found that Durgan had violated the terms and conditions of her community supervision, adjudicated her guilty of the charged offense, and sentenced her to ten years in prison. *Id.* On appeal, Durgan argued, among other things, that the trial court erred in not having her evaluated to determine whether she was competent to answer the allegations raised at the revocation hearing. *Id.* The court of appeals dismissed this issue. It held that an appeal involving a defendant's competence at an adjudication hearing is an appeal involving the trial court's determination of whether to proceed with adjudication, and appeal of a trial court's decision to adjudicate guilt is precluded by statute. *Id.* at 876–77.

The Court of Criminal Appeals disagreed. It held that the court of appeals had jurisdiction to consider the merits of Durgan's claim that she was not competent at the time of the hearing on the State's motion to adjudicate guilt. *Id.* at 878. The court first observed that former Code of Criminal Procedure article 42.12, § 5(b) did preclude appellate review of a trial court's decision to adjudicate guilt based on a violation of the terms of community supervision. *Id.* at 877. It stated that, "upon violation of a condition of deferred-adjudication community supervision, a defendant is entitled to a hearing limited to the court's determination of whether it

should proceed with an adjudication of guilt on the original charge, and '[n]o appeal may be taken from this determination.'" *Id.* However, the court also held that this statute did *not* bar review of complaints that do *not* challenge the decision to adjudicate, and "[a]n assertion that a defendant was not competent at the time of the adjudication hearing is such a complaint; it raises a preliminary due-process issue that must be resolved before the adjudication process may begin." *Id.* at 878.

The Court of Criminal Appeals opined in *Durgan* that, as the status of being incompetent is not itself a violation of a term or condition of community supervision, it cannot be the basis for a motion to adjudicate, and therefore it cannot be the basis for a trial court's decision to adjudicate. *Id.* It held that, "[b]ecause it is a separate and distinct inquiry, the court of appeals has jurisdiction to resolve the issue." *Id.* It reversed the decision of the court of appeals that it lacked such jurisdiction and remanded the case to that court to consider the merits of the defendant's incompetency claim. *Id.*

The same reasoning and holding apply here. The question, therefore, is how the trial court is to proceed to determine appellant's competency on remand. As I believe the trial court abused its discretion by acting contrary to guiding rules and principles—both in its informal inquiry into appellant's competency at the plea hearing and in its failure to assess appellant's competency prior to adjudicating his guilt and sentencing him at the adjudication hearing—I set out below the procedure

6

the trial court should have followed in determining appellant's competency to stand trial at both stages.

## B. Procedure for Determining Competency to Stand Trial

### 1. *Determination of competency to stand trial*

I agree with the majority that the controlling cases with respect to competency proceedings are *Turner v. State*, 422 S.W.3d 676 (Tex. Crim App. 2013 and *Boyett v. State*, 545 S.W.3d 556 (Tex. Crim. App. 2018), *see* Slip Op. at 9–15, but I would also add *Ex parte LaHood*, 401 S.W.3d 45 (Tex. Crim. App. 2013) and *Morris v. State*, 301 S.W.3d 281 (Tex. Crim. App. 2009). I also largely agree with the majority's analysis. However, I disagree with the majority's analysis of what happened here at the plea hearing and the adjudication hearing with respect to competency and, therefore, with its determination of what *should* have happened and what should happen now. And I particularly disagree that another informal hearing will suffice to determine the issue of appellant's competency.

The Court of Criminal Appeals explained the law relevant to competency determinations in *Turner*. It observed that the Texas Legislature has adopted the constitutional standard for competency to stand trial as set out in Code of Criminal Procedure article 46B.003(a). *Turner*, 422 S.W.3d at 689. This standard requires forensic psychologists and psychiatrists appointed by the trial court to perform competency evaluations to specifically consider, among other things, the

7

defendant's capacity to "*engage* in a *reasoned* choice of legal strategies and options" and "*engage with counsel in a reasonable and rational manner*." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.024 §§ (1)(C) & (4)) (emphasis in original). From this standard of competency, the court reasoned that "when a defendant's mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests, he cannot be made to stand trial consistent with due process." *Id.* at 691. Thus, "[e]vidence that raises this possibility necessitates an informal inquiry, and if that inquiry reveals that the possibility is substantial, a formal competency trial is required." *Id.*

The question, therefore, is whether, at the end of the informal inquiry—such as the one conducted by the trial court at the plea hearing in this case and the one, performed without an additional forensic report but with the taking of additional evidence from appellant's father and probation officer at the adjudication hearing— the trial court should have conducted a formal competency trial. *See id.* at 692. The answer to that question is determined by whether, at that time, "some evidence from any source" had arisen "that would support a finding that [the appellant] may be incompetent to stand trial." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.004(c)). Critically, "[i]n making this determination, *a trial court must consider only that evidence tending to show incompetency*, 'putting aside all competing

8

indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency.'" *Id.* (quoting *Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013)) (emphasis added). If so, then "evidence exists to support a finding of incompetency," and the Code of Criminal Procedure requires the trial court to conduct a formal competency trial. *Id.* at 692–93 (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.005(a)).

The Court of Criminal Appeals has also explained in *Ex parte LaHood*—upon which the *Turner* court relied, along with other cases—what is required at the competency trial itself. According to the Court of Criminal Appeals, "the determination of competency is not decided unless the court holds a trial to determine competency, which is authorized only if the court has a *bona fide* doubt that the defendant is not competent and, after assaying the evidence, it finds some evidence that the defendant is incompetent." *LaHood*, 401 S.W.3d at 53 (citing *Morris v. State,* 301 S.W.3d 281, 287 (Tex. Crim. App. 2009)). Under Code of Criminal Procedure article 46B.003(a), "a person is incompetent to stand trial if the person does not have (1) 'sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding' or (2) 'a rational as well as factual understanding of the proceedings against the person.'" *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)).

The factors used by experts in conducting a competency evaluation also are of help to the factfinder in determining the broader question of competency. *Id.* These factors include whether the defendant can

> (1) understand the charges against him and the potential consequences of the pending criminal proceedings; (2) disclose to counsel pertinent facts, events, and states of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify.

*Id.* (quoting *Morris*, 301 S.W.3d at 286 & n.10). These are likewise the factors the factfinder should use in determining appellant's competency in this case on remand, keeping in mind that "[a] person is presumed to be competent, and the burden is on a criminal defendant to prove incompetency by a preponderance of the evidence." *Id.* at 54 (citing TEX. CODE CRIM. PROC. ANN. art. 46B.003(b)).

### 2.    *Application of the law to this case*

Here, at the plea hearing, the trial court conducted an informal competency hearing in response to defense counsel's motion. It appointed Dr. Norman to evaluate appellant's competency, but it evaluated the evidence of incompetency in Dr. Norman's report incorrectly. Dr. Norman found that appellant had a "diagnosable mental illness/emotional disturbance," namely Neurocognitive Disorder with "Borderline Intellectual Functioning," had "multiple cognitive deficits," was "unsure of the potential consequences and penalties" of the charges against him, and "did not have an understanding of the various pleas, nor does he

10

understand the implication of accepting an arranged plea bargain." Despite all this evidence raising serious questions of competency, Dr. Norman concluded that appellant's "responses were not suggestive of mental illness" and that he was "capable of being educated in these areas by his attorney." Slip Op. at 3–4. Thus, he opined that appellant "appears to have [an] adequate understanding of the pending charges" and "appears competent to assist defense counsel." *Id.* at 4.

The trial court received and accepted Dr. Norman's conclusion that appellant appeared competent to proceed to trial and did not proceed to a formal competency trial. *See id.* at 4–5. In doing so, it ignored substantial evidence of appellant's incompetency to understand what his probation required of him and thus to cooperate rationally with his counsel and to observe the terms and conditions of community supervision. Eight months after receiving Dr. Norman's report, the trial court accepted appellant's guilty plea, which was accompanied by appellant's written declaration of understanding regarding his competency to stand trial and his waiver of constitutional rights. *Id.* at 5. At the plea hearing, appellant further confirmed, in response to the trial court's questions, that he understood his guilty plea and was voluntarily giving up valuable rights, that he understood the charge against him of sexual indecency with a child and the range of punishment, and that he was also intelligently waiving the right of appeal. *Id.* The trial court then deferred adjudication of appellant's guilt and placed him on community supervision without

11

inquiry of its own into the actual competency of appellant to plead guilty and waive his rights. The trial court also certified that appellant had waived his right to appeal.

Four months after the plea hearing, the State filed a motion to adjudicate guilt, alleging that appellant had violated the terms of his community supervision by being in the house with two children without an approved chaperone (the chaperones being his father and sister, the mother of the children, both of whom had completed chaperone training but had not then been certified), not paying court costs and fines, and possessing sexually explicit material to which he had admitted masturbating. *Id.* at 5–6. At the hearing on the State's motion two months later, both appellant's father and his probation officer testified that appellant was "mentally challenged," had "struggled" with the "rules and limitations" of his community supervision, and was attending sex offender group sessions but was not able to take the tests associated with treatment because of his low IQ. *Id.* at 6–7. Appellant's father testified that appellant stayed in his room the entire time his sister was in the house with her two children and the children were with himself and their mother. *Id.* at 7–8.

Just as the trial court did not hold a full trial on appellant's competency to make a plea bargain for deferred adjudication at his initial plea hearing before it accepted his guilty plea, despite significant evidence that he was not competent to assist with his own defense, so the trial court failed to conduct a full competency trial on appellant's ability to participate in the adjudication hearing despite evidence

12

of appellant's incompetency to abide by the terms of his deferred adjudication. Instead, the trial court proceeded to hold the adjudication hearing without reconsidering appellant's competency, determined that appellant had violated the terms of his community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at eighteen years' confinement. I conclude that the trial court erred both times, that both errors violated appellant's due process rights, and that these rights will not be accommodated in this case until a full competency hearing is held and a ruling made as to appellant's competency.

In sum, it is undeniable that more than a scintilla of evidence of incompetency exists in the record of both the plea hearing and the adjudication hearing in this case. Yet it is equally undeniable that in neither case did the trial court proceed to conduct a formal competency trial. It is therefore likewise undeniable that the trial court erred in failing to conduct a formal competency trial at both stages and thereby deprived appellant of his constitutional right to due process. The law clearly mandates that this Court remand this case to the trial court for a full trial and ruling on appellant's competency to stand trial for the crime of indecency with a child.

## Conclusion

I join in the order of the majority abating this appeal and remanding this case to the trial court. I would instruct the trial court to proceed to a full trial and ruling on appellant's competency to stand trial for indecency with a child.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Lloyd, and Landau.

Justice Keyes, concurring.

Publish. TEX. R. APP. P. 47.2 (b).

14