

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00014-CR

_____

DONALD LEE MONROE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. 7478

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In 2002, the trial court deferred a finding of guilt on the charge of unlawful possession of a firearm by a felon[1] and released Donald Lee Monroe to community supervision for five years. Monroe's conditions of community supervision included the following:

B.      Abstain from the possession or use of any alcoholic beverage, controlled substance, narcotic, dangerous drug, inhalant, or prescription without first obtaining a prescription for said substances from a licensed physician;

. . . .

G.      Do not change your residence without prior approval from your CSO [community supervision officer] and do not leave the county of your residence without written permission from your CSO;

H. (1)  Pay a community supervision fee of $40.00 per month to the 8th Judicial District Community Supervision and Corrections Department (CSCD) on or before the 15th day of each month during the period of community supervision beginning with the month immediately following the month you were placed on community supervision; [and]

H. (2)  Pay the assessed fine, court cost of $278.00, a court appointed attorney fee of $300.00, and restitution of $0 through the 8th Judicial District CSCD at the rate of $46.00 per month on or before the 15th day of each month until paid in full with the first payment due and payable on or before the 15th day of the month following the date of this order . . . .

---

[1]*See* TEX. PENAL CODE ANN. § 46.04 (Vernon Supp. 2008).

2

The trial court later amended Monroe's community supervision contract to require a $60.00 monthly supervision fee as part of condition H(1) and a $100.00 monthly fee for court costs and attorney's fees as part of condition H(2).[2]

The State subsequently moved to adjudicate Monroe's guilt for violating the above-referenced conditions as amended. After a contested hearing, the trial court granted the State's motion, adjudicated Monroe's guilt, and sentenced Monroe to twenty years' imprisonment. Monroe now appeals, challenging the legal sufficiency of the evidence to show Monroe violated provisions "B" and "G" of his community supervision. We affirm the trial court's judgment.

***Standard of Review***

Recent statutory amendments now permit us to review a trial court's decision to proceed to an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008); *Durgan v. State*, 240 S.W.3d 875, 877–78 & n.1 (Tex. Crim. App. 2007); *and contrast Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (applying prior statute's bar to sufficiency challenge). The determination of an adjudication of guilt is reviewable in the same manner as that used to determine whether sufficient evidence supported the trial court's decision to revoke community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b). That standard, which we recently summarized, is the following:

---

[2]The trial court modified other conditions of Monroe's community supervision at various times between 2002 and 2007, including once ordering Monroe to be confined for 120 days in a state jail facility due to testing positive for cocaine use. Those other modifications are not at issue in the present appeal.

3

We review the trial court's decision regarding probation revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. To revoke probation, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. The trial court holds very broad discretion over community supervision, its revocation, and its modification. Considering the unique nature of the revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. If the greater weight of credible evidence creates a reasonable belief a defendant has violated a condition of his or her probation, the trial court's order of revocation did not abuse its discretion and must be upheld.

*Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd) (citations omitted).

*Analysis*

The State's motion to adjudicate guilt alleged Monroe had thrice used cocaine while on community supervision, had changed his county of residence without prior approval from his supervision officer, had failed to pay his monthly supervision fee, and had failed to pay his court costs and attorney's fees at the court-ordered rates. The trial court found the preponderance of the evidence substantiated these allegations. Monroe now disputes the trial court's findings, but only with respect to the illegal narcotics violation and the change of residence violation. Monroe does not challenge the trial court's finding that Monroe failed to pay his supervision fees, court costs, and court-appointed attorney's fees.

Legally sufficient proof of any single violation (including an administrative violation) is adequate to support a trial court's decision to adjudicate a defendant's guilt. *Cf. Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st

Dist.] 2006, pet. ref'd). If sufficient evidence supports the trial court's finding of a single violation, we need not address any remaining evidentiary sufficiency challenges that relate to other alleged violations. *Moore*, 605 S.W.2d at 926; *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.); *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Because he does not challenge all of the trial court's violation findings, we must conclude a preponderance of the evidence supported the trial court's findings with respect to those unchallenged violations—which in this case were the failures to pay supervision fees, court costs, and court-appointed attorney's fees. These violations are, by themselves, sufficient to support the trial court's judgment. We need not address Monroe's claims of error with respect to the other violations.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     February 18, 2009
Date Decided:       February 19, 2009

Do Not Publish

5