ACCEPTED
12-14-00366-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/2/2015 2:23:35 PM
CATHY LUSK
CLERK

**12-14-00366-CR**
**12-14-00367-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/2/2015 2:23:35 PM
CATHY S. LUSK
Clerk

_____

**IN THE COURT OF APPEALS**
**FOR THE TWELFTH JUDICIAL DISTRICT**
**TYLER, TEXAS**

---

**ELIJAH BROWN**
**V.**
**The State of Texas**

_____

**APPEAL FROM THE 411TH JUDICIAL DISTRICT COURT**
**OF TRINITY COUNTY, TEXAS**

---

**ANDERS BRIEF OF APPELLANT**
ELIJAH BROWN

_____

Respectfully, Submitted:

*/s/John D. Reeves*
JOHN D. REEVES
Attorney at law
1007 Grant Ave.
Lufkin, Texas 75901
Phone : 936-632-1609
Fax: (936) 632-1640
SBOT # 16723000
**ATTORNEY FOR APPELLANT**

ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Parties:**

Appellant in Trial Court:
Elijah Brown
Travis State Jail
TDC # 01955555
801 FM 969
Austin, Texas 78724

Appellee in Trial Court:

The State of Texas

**Trial and Appellate Counsel**:

APPEAL:
JOHN D. REEVES                          TRIAL   James F. Keegan
Attorney at law                                 Attorney at law
1007 Grant Ave.                                 4301 Bissonnet No. 48
Lufkin, Texas 75901                             Bellaire, Texas 77401
Phone: (936) 632-1609                           Phone: (713) 688-4797
Fax: (936) 632-1640                             SBOT# 11155400
SBOT # 16723000


Appellee:

Benny Lee Schiro                        TRIAL   Benny Lee Schiro
Trinity County Dist. Attorney                   Trinity County Dist. Attorney
P.O. Box 400                                    P.O. Box 400
Groveton, Texas 75901                           Groveton, Texas 75845
Phone:  936-642-2401                            Phone: 936 642-2401
SBOT#  24041873                                 SBOT#: 24041873

ii.

# TABLE OF CONTENTS

Page:

IDENTITY OF PARTIES AND COUNSEL……..……………………………ii

TABLE OF CONTENTS……………….……………...................iii

INDEX OF AUTHORITIES…………………………...…….…………..iv,v

STATEMENT ON ORAL ARGUMENT ……………….…..…………….…1

STATEMENT OF THE CASE…………….…………….……………2-4

STATEMENT OF JURISDICTION…………………...………………..4

ANDERS ISSUE………………………….…...…………..............4

STATEMENT OF FACTS .....................................................4-11

SUMMARY OF THE ARGUMENT ……..……………...………….……11

ARGUMENT…………………….…..……..……………………12-21

CONCLUSION AND PRAYER………………….……………………21

CERTIFICATE OF COMPLIANCE.……………………………………...22

CERTIFICATE OF SERVICE……………………. …………………..22

# INDEX OF AUTHORITIES

## CASES

### SUPREME COURT CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967)……..2

### TEXAS CASE LAW

Caddell v. State, 605 S.W.2d 275, (Tex. Crim. App. 1980)……………….……13

Cantu v. State, 842 S.W. 2d 667 (Tex. Crim. App. 1992)………………..…14

Cardona v. State, 665 S.W. 2d 492 (Tex. Crim. App. 1984)……………….…..12

Cochran v. State, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.)………13, 19

Cole v. State, 578 S.W.2d 127, (Tex. Crim. App. [Panel Op.] 1979)……………13

Drugan v. State, 240 S.W. 3d 875 (Tex. Crim. App. 2007)………………………12

Flournoy v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979)……………………..12

Hart v. State, 264 S.W.3d 364 (Tex. App.—Eastland 2008, pet. ref'd)………13, 19

Lee v. State, 952 S.W.2d 894, (Tex. App.—Dallas 1997, no pet.) (en banc)…….21

Moore v. State, 605 S.W. 2d 924 (Tex. Crim. App. 1980)…………………13,19

Moore v. State, 11 S.W.3d 495, 498 (Tex. App. - Houston [14th Dist.] 2000, no pet.)………………………………………………………………………….21

Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) ………………13

iv.

Rickels v. State, 202 S.W.3rd 759 (Tex. Crim. App. 2006…...……………….12, 20

**RULES AND OTHER AUTHORITIES**

Texas Code of Criminal Procedure   Art. 42.12, section 5 (b) (Vernon Supp. 2008)………………………………………………………………………..12

_____

12-14-00365-CR
12-14-00367-CR
_____

IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT
TYLER, TEXAS
_____


Elijah Brown
V.
The State of Texas

_____


APPEAL FROM THE 411th JUDICIAL DISTRICT COURT
OF TRINITY COUNTY, TEXAS

---

ANDERS BRIEF OF APPELLANT
ELIJAH BROWN

---

**TO THE HONORABLE COURT OF APPEALS:**


**<u>STATEMENT ON ORAL ARGUMENT</u>**

APPELLANT WAIVES ORAL ARGUMENT


**<u>ANDERS BRIEF OF APPELLANT</u>**

**TO THE HONORABLE COURT OF APPEALS**

COMES NOW, Elijah Brown , Appellant, pursuant to Texas Rules of Appellate Procedure, Rule 33.1 by and through his attorney of record, John D. Reeves, who respectfully submits this Anders brief for Appellant and would show as follows: (Anders v. California, 386 U.S. 738, (1967)

## STATEMENT OF THE CASE

Appellant was found guilty as a result of a two separate Motions to Adjudicate heard concurrently on September 30th, 2014[4h]. (RR Vol. 1, p. 5; Cause 10161- A, RR Vol. 1 p.18,19 and Cause10078-A, RR Vol. 1 p. 18,19). The States' motion in each cause alleges 8 violations of community supervision which are numbered as one (1),two (2),four (4),nine (9) ten,(10),eleven (11),thirteen(13) and fourteen(14) and are identical in each cause. The State's Motion to Adjudicate in each case was filed on August 12, 2014. The State alleged:

1. The defendant violated the law by omitting the offense of Burglary of a Building on July 2, 2014 in Trinity County, Texas.

2. The defendant used a controlled substance by testing positive for marijuana on May 23, 2014, June 23, 2014 and July 7, 2014.

2.

4. The defendant failed to report to his probation officer twice for the month of July 2104.

9. The defendant failed to pay his court costs, fine, and time payment fee on time beginning May 15th, 2014 and each month thereafter.

10. The defendant failed to pay his restitution in a timely manner beginning May 15th, 2014 and each month thereafter.

11. Defendant failed to pay his community supervision fee timely beginning May 15th, 2014 and each month thereafter.

13. Defendant failed to perform his community service in a timely manner being in arrears two hours.

14. The defendant failed to pay the cost of the Community supervision drug testing.

The appellant pled not true to all of the allegations in each cause. ( RR Vol. 1 p. 5)

The appellant and State waived a bifurcated hearing. ( RR Vol. 1 p. 7)  After the joint hearing the trial court found appellant guilty in each cause.  In cause 10078-A the appellants' guilt was adjudicated for the offense of Burglary of a Habitation for violating conditions 1,2,4,9,10,11,13, and 14 and a sentence of twelve (12) years in TDCJ-ID was imposed. (CR p.16-17)  In cause 10161-A. the appellants' guilt was adjudicated for the offense of Burglary of a Habitation for violating conditions 1,2,4,9,10,11,13 and 14 and a sentence of twelve 12 years in the TDCJ-ID was imposed. ( CR p. 16-17) The sentences were ordered to run concurrently. Appellant's trial counsel James Keegan gave oral notice of appeal

3.

and John D. Reeves was appointed appellate counsel. (RR Vol. 1 p. 50) (Cause 10078-A, CR p. 21 for both causes 10161-A and Cause 10078-A) A notice of appeal was mailed on October 30, 2014 to the Trinity County District Clerk but not filed by the Trinity County District Clerk until November 4th, 2014. ( Cause 10078 p. 24, 25 ; Cause 10161 p. 23 relating to  both Causes.

On October 14, 2014  a request for clerk's record and reporter's record was filed. ( Cause 10078 CR p. 23; Cause 10061 CR p.22.) After some delay this Court received the Clerks record on December 30, 2014.

## STATEMENT OF JURISDICTION

The Trial Court Certified Appeal on October 30th, 2014 without restriction. (Cause 10061-A, CR p. 20; Cause 10078-A, CR p. 20) A supplemental Trial Court Certification was filed with the appropriate signatures of the Trial Court, Appellant and appeal Counsel after the filing of the CR in each cause.

## ANDERS   ISSUES CONSIDERED

Did the trial court abuse its discretion in adjudicating the Appellant's guilt in Cause 10061-A and Cause 10078 after finding appellant violated eight terms of his deferred adjudication community supervision in each cause?

## STATEMENT OF FACTS
The appellant original entered a plea of guilty in each cause to the offense of

4.

Burglary of a Habitation and was placed on deferred adjudication. In Cause 10078-A, the Judgment was for an offense on November 5, 2012 with the Order of Deferred Adjudication entered April 15, 2014. (Cause 10078-A, CR p. 9) In Cause 10161-A, the Judgment was for an offense of November 26, 2012 with the Order of Deferred Adjudication entered on April 15, 2014. (Cause 10061-A, CR p. 4) The Court ordered conditions of community supervision in each cause. (Cause 10161-A, CR p. 6-9; Cause 10078- A, CR p. 11-14) The State's identical Motions to Adjudicate were filed on August 12, 2014 in each Cause. (Cause 10161-A, CR p. 18-19; Cause 10078-A, CR p. 18-19)

The State alleged appellant violated his probation in the following ways;

1. The defendant violated the law by committing the offense of Burglary of a Building on July 2, 2014 in Trinity County, Texas

2. The defendant used a controlled substance by testing positive for marijuana on May 23,2014,June 23, 2014 and July 7, 2014.

4. The defendant failed to report to his probation officer twice for the month of July 2014.

9. The defendant failed to pay his court costs, fine, and time payment fee on time  beginning May 15th, 2014 and each month thereafter.

10. The defendant failed to pay his restitution in a timely manner beginning

5.

May 15th, 2014 and each month thereafter.

11. Defendant failed to pay his community supervision fee timely beginning May 15th, 2014 and each month thereafter.

13. Defendant failed to perform his community service in a timely manner being in arrears two hours.

14. The defendant failed to pay the cost of the Community supervision drug testing.

To the allegations- the appellant pled not true. ( RR Vol. 1 p. 5) The parties waived a bifurcated hearing. (RR Vol. 1 p. 7) The State called Sharon Dennis of the Judicial District Probation Office who testifies she knows the appellant and identifies him as on probation. ( RR Vol. 1 p. 9) She testifies that the appellant "is delinquent on his fees with the probation department and also delinquent on his fees with the district clerk." She states "he hasn't paid any restitution." (RR Vol. 1 p. 9-10) She advises that he did miss appointments.

> Q: Has he reported the way he has been ordered to by the Court?
>
> A: He was reporting. He was to report twice a month. There were some months that I would have to call him. He would miss his appointment. I would have to call him and get him to come back in. He did report twice a month. ( RR Vol. 1 p. 10)

6.

She testifies he is delinquent on his community service by forty (40) hours in one case and eighteen (18) in the other case but fails to identify which case. (RR Vol. 1 p. 10) Additionally, she testifies there was a discussion with the court on July 1st, 2014, concerning a positive UA, failure to pay fees, failure to work community service hours. She says at that time "he was instructed to work some hours when he was reset for court. On July 29th , "when he came back to court, he was arrested on a new charge in court. He didn't submit those hours at that time." ( RR Vol. 1 p. 10-11) She testifies he did submit to a UA but did not pay the required fee for it. ( RR Vol. 1 p. 11) On two occasions the State attempted to elicit the results of three drug tests and upon objection and voir dire of trial counsel the objections were sustained. ( RR Vol. 1 p. 11-12) She describes the procedure for performing a urinalysis and the testing of the appellant on May 23rd, 2014, June 23rd, 2014 and July 7th, 2014. ( RR Vol. 1 p. 12-13) On cross-examination she states "the urine goes in the lab cup, it's bagged up and sealed by him. He seals the sample. And then we put it in another bag and send it to the lab." ( RR Vol. 1 p. 14) Three sealed and marked samples by the appellant were sent by UPS to the lab. ( RR Vol. 1 p. 14)

On re-direct examination the witness says they receive confirmation from the lab by paperwork that the lab "One Source" in fact receives the samples sent. (

RR Vol. 1 p. 15)

Steve Harris testifies he is the director and chief analyst at One Source Toxicology. ( RR Vol. 1 p. 1)  He testifies he is a toxicologist with a BS in Chemistry and is a member of the Society of Forensic Toxicologist and has testified as an expert witness. ( RR Vol. 1 p. 17)  He explains the process of urine testing. (RR Vol. 1 p 17-18)  The State proceeded to offer State's exhibits 1-3 regarding the appellant sent by Trinity County Probation for testing by One Source. The exhibits were identified by the toxicologist and the results qualified as a business record. ( RR Vol. 1 p. 18-20)   Upon verification of a letter written by the appellant, reviewed by the trial court, which trial counsel addresses in his closing argument; there is no objection by defense counsel to the exhibit. ( RR Vol. 1 p. 20, 48)

The State confirms the samples received by One Source would not have been tested if the seal on the packages they receive are tampered with. ( RR Vol. 1p 20-21)  Counsel confirms that State's Exhibits 1-3  were the samples of the appellant that all three samples "contained the presence of carboxy THC, the main ingredient of Delta 9 THC" with the active ingredient and intoxicating factor of marijuana. (RR Vol. 1 p. 22)   On cross-examination defense counsel verifies that the ten panel testing only revealed marijuana. (RR Vol. 1 p. 23)

8.

Jimmy Brumett testifies he has a fireworks stand in Trinity County which was burglarized on or about July 1st. (RR Vol. 1 p. 23-24) He estimates the thieves stole approximately seven thousand ($ 7,000.00) worth of fireworks by entering and breaking a side door. ( RR Vol. 1 p. 24-25) The witness does not know who committed the burglary. ( RR Vol. 1 p. 26)

Travis Thornton testifies he knows the appellant from school and identifies him. (RR Vol. 1 p. 27-28) He states he and the appellant left together in his car to just drive around. At some point he says the appellant asked him to go a particular route on 356 to the fireworks stand. ( RR Vol. 1 p. 28-30)  He testifies the appellant got out of the car and went into the fireworks stand and he believes kicked the door in- according to the sound he heard. ( RR Vol. 1 p. 30-31) He admits he and the appellant took  fireworks  "after a lot of back and forth" from the fireworks stand to the car. (RR Vol. 1 p. 32) After the fireworks were loaded he states they went to the "west side of Trinity" and left the fireworks there. (RR Vol. 1 p. 32)  Each of the two boys kept some of the fireworks. He states when the appellant was dropped off at his house he took some fireworks into the house. (RR Vol. 1 p. 32-33)   On cross-examination the witness admits he was previously arrested for theft but not prosecuted. (RR Vol. 1 p. 33-34)  He explains that although, appellant told him to go to the fireworks stand, appellant did not advise

9.

him that appellant was going to break in. (RR Vol. 1 p. 34) He states they went at night time and that he waited around the back of the stand, while the appellant went into the stand. ( RR Vol. 1 p. 35) He admits they both took fireworks and put them in his vehicle. ( RR Vol. 1 p. 36) He further explains the building was empty and no one was around. (RR Vol. 1 p. 37) The fireworks were transported fifteen minutes away to another building and most were removed from his car as he did not want to drive around with all of the fireworks. (RR Vol. 1 p. 37-38) The witness admits he was being a lookout for the appellant while appellant burglarized the fireworks stand. He agrees he is a party to the crime. ( RR Vol. 1 p. 39)

On re-direct examination the witness testifies he was subpoenaed to testify and had not previously "talked to law enforcement." (RR Vol. 1 p. 40-41)

Tyler Collier testifies he helps a man take care of a cemetery in Trinity. He says on one occasion the appellant was helping him and had some money which he thought was unusual. ( RR Vol. 1 p. 42-43) He states the appellant confessed that "he said he had hit up the 356 fireworks stand." (RR Vol. 1 p. 43-44) He believes he saw appellant with two hundred dollars ($200.00) to three hundred dollars. ($ 300.00)

On cross-examination, he states the appellant came to work at the cemetery to do some community service without pay. (RR Vol. 1 p. 45) The witness

10.

described the money as being "a bunch of twenties. ($ 20.00's) (RR Vol. 1 p. 45) The exact confession of the appellant to the witness is said to be, "I hit up the 356 fireworks stand." ( RR Vol. 1 p. 46)

The trial court heard arguments of counsel. (RR Vol. 1 p. 46-49) The trial court found violations all of the allegations contained in the State's Motion to Adjudicate to be true in regard to cause 10161-A and 10078-A and adjudicated the appellant's guilt in each cause and sentenced appellant to twelve (12) years in the TDCJ-ID in each cause to run concurrently. ( RR Vol. 1 p. 49) Trial counsel gave oral announcement of appeal and the trial court gave oral announcement of appointing appeal counsel. ( RR Vol. 1 p. 50)

## SUMMARY OF THE ARGUMENT

Appeal counsel considers whether the trial court abused its discretion in revoking the appellant's deferred adjudication. Appeal counsel finds the trial court did not abuse its discretion and that the preponderance of the evidence supported the trial court's finding in regard to at least three of the allegations alleged by the State in the Motion to Adjudicate. Appeal counsel believes the appeal in each case is frivolous.

# ARGUMENT

Appellant has a right of appeal of appellant pursuant to Article 42.12, section 5 (b) of the Texas Code of Criminal Procedure, (Vernon 2008). The same is reviewed in the same manner as a revocation hearing in which the court had not deferred an adjudication of guilt. Drugan v. State, 240 S.W. 3d 875,878 n. 1 (Tex. Crim. App. 2007) In community supervision revocation cases, as this Honorable Court is well aware, the State has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In the instant matter the State's Motion to Adjudicate contained eight alleged violations. (Cause 1061-A, RR Vol. 1 p. 18-19) (Cause 10078- A, RR Vol. 1 p. 18-19) The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. Rickels v. State, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). Trial counsel and appellant made reference to at least allegation two (2) being true. (RR Vol. 1 p. 20-21, 47-48) When the State has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). This Honorable courts

12.

review is to determining whether the trial court abused its discretion. <u>Caddell v. State</u>, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). In these two cases the trial court found all eight violations to be true. (Cause 10078-A, Vol. 1 p. 16-17, 18-19, 26; RR Vol. 1 p. 49)  (Cause 10161-A, Vol. 1 p. 16-17, 18-19, 26; RR Vol. 1 p.49)

Is there proof of a single allegation that appellant violated the terms of his community supervision?  See, <u>Hart v. State</u>, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); <u>Cochran v. State</u>, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). In other words, is there some evidence to support the finding of a single violation, as required in order to uphold the finding of the trial court? <u>Cochran</u>, 78 S.W.3d at 28 (citing <u>Moore v. State</u>, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). A plea of "true, " standing alone, is sufficient to support a revocation of community supervision. <u>Moses v. State</u>, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); <u>Cole v. State</u>, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979. In this matter the appellant pled not true to all allegations, therefore counsel will review the evidence.

In the instant matter appellant not true to all of the allegations contained in the State's Motion to Adjudicate. (RR Vol. 1 p. 5)  In reviewing the trial courts findings of true in this matter, an abuse of discretion standard requires appellant to show that "the trial judge's decision was so clearly wrong as to lie outside that

zone within which reasonable persons might disagree. <u>Cantu v. State</u>, 842 S.W. 2d 667,682) Tex. Crim. App. 1992)

Appeal counsel addresses allegation one. (1) In the instant matter a friend of the appellant confesses while testifying that he and appellant committed the offense of Burglary of a Building by breaking into a fireworks stand and taking the inventory. (RR Vol. 1 p. 30-39) The witness describes the trip to the scene of the crime and the trip away from the scene of the crime.( RR Vol. 1 p. 32-33) The details are described to an extent that places the appellant at the scene, describes the breaking in and the actual possession of the property being removed from the fireworks stand.( RR Vol. 1 p. 27-37)  The approximate date of the burglary is described by the owner and corroborated by appellant's friend.( RR Vol. 1 p. 23-24,46)  The amount of loss of the  property is described by the owner and corroborated by the appellant's friend who observed appellant with two hundred dollars ($200.00)-three hundred dollars ($300.00) which is unusual. (RR Vol. 1 p. 24-25, 43-45)  Finally, another friend of the appellant testifies appellant confessed committing the offense to him.  (RR Vol. 1 p. 43-46)   Appeal counsel believes the State met its burden in proving allegation one (1) by a preponderance of the evidence. Appeal counsel believes the trial court did not abuse its discretion in

14.

finding allegation one true. As such counsel cannot argue there was an abuse of discretion in adjudicating appellant's guilt.

Appellant now addresses allegation two (2). The State presented chain of custody evidence regarding the taking of three urine samples from the appellant. (RR Vol. 1 p. 12-15)  The State called a toxicologist regarding the three dated samples taken from the appellant. (RR Vol. 1 p. 18-20)  The toxicologist testified the samples from the appellant contained chemicals that are of marijuana which is a prohibited substance. (RR Vol. 1 p. 17-20)  Trial counsel makes mention of the appellant's own admission to the trial court in a letter sent to the trial court confirming the use of marijuana as found by the toxicologist. (RR Vol. 1 p.20, 48) As such, considering State's exhibits one, two and three and the statement of the appellant as contained in the alleged letter the court read, appeal counsel cannot argue that the trial court abused its discretion in finding allegations one (1) and two (2) true.  It appears each finding is supported by a preponderance of the evidence.

Although, not required, (as will be addressed below) counsel jointly addresses the remaining allegations. Appellant addresses allegations 4,9,10, 11, 13, and 14.  Counsel believes the evidence is not clear regarding each of the above allegations. The probation officer was not questioned in detail as to the remaining allegations. For instance, allegation four (4), this allegation specifically alleges

15.

appellant failed to report twice per month for the month of July. The only evidence offered on this allegation does not refer to when the appellant failed to report. (RR Vol. 1 p. 10)

> Q: Has he reported the way he has been ordered to by the Court?
>
> A: He was reporting. He was to report twice a month. There were some months that I would have to call him. He would miss his appointment. I would have to call him and get him to come back in. He did report twice a month. ( RR Vol. 1 p. 10)

Counsel does not believe the State met the burden of showing allegation 4 by a preponderance of the evidence. The probation officers answer is not clear as to what month the appellant may have not reported. Allegation nine (9) alleges appellant must pay $ 14.00 a month on court costs and fine, beginning May 15th, 2014. The allegation avers the arrear is $ 42.00. The probation officer testified as follows.

Q: And how has the defendant been doing or how has Mr. Brown been doing on paying his fees to the probation department?

A: He is delinquent on his fees with the probation department and also delinquent on his fees with the district clerk. ( RR Vol. 1 p. 9)

The general testimony presented by the State is not specific as to the

16.

allegation. Counsel does not believe the State met its burden in regard to allegation nine. (9)    In response to allegation ten (10), regarding the payment of restitution to the victim of the offense, the only testimony offered is very brief. This allegation is apparently supported by the probation officers declaration. She testifies nothing has been paid on restitution. (RR Vol. 1 p. 10)    Allegation eleven (11) was answered at the same time as allegation nine (9). (RR Vol. 1 p. 9-10)

A    He is delinquent on his fees with the probation department and also delinquent on his fees with the district clerk. (RR Vol. 1 p. 9)

Although, again not specific, no testimony is offered to show appellant had an inability to pay towards the conditions of probation. There was evidence offered by the State through the testimony of Tyler Collier that appellant did have funds. (RR Vol. 1 p. 42-45)

In regard to allegation thirteen (13) concerning the performance of community service hours at the rate stated in the allegation, the State alleged a delinquency of 2 hours as of August 12, 2014 the date of the motion. Appellant could argue the only evidence offered is that the appellant is delinquent 40 hours on one case and 18 hours on the other which is not consistent. (RR Vol. 1 p. 10)  It appears the officer is testifying as to the current date of the hearing of September

17.

30th 2014, and not in relation to the allegation of 2 hours. Considering the appellant was placed on probation on April 15th, 2014 and the order allowed him 30 days to begin his 8 hours a month then he would have only owed a total of twenty four (24) hours for May- July. The witness does not verify how many hours the appellant actually completed.

The testimony is brief in regards to allegation 14.

Q. So he submitted to a UA?

A. Yes

Q: Okay. Is he required to pay the fees for that?

A Yes.

Q: Has he paid those fees?

A: No.

Q How many times have you performed a urinalysis on Mr. Brown?

A I have three drug tests.

The testimony elicited does not explain the allegation that appellant is in arrears one hundred five dollars ($ 105.00) and how that amount was alleged. Is it that the three samples submitted to the lab are divided into one hundred five dollars? ($105.00) Were there more samples taken other than the three samples presented in court? Counsel believes this allegation could have been challenged.

18.

It appears both trial attorneys were obviously concerned with the failure of the urine tests by the appellant and the issue of appellant having committed a new offense of burglary of a building with his friend. The defense does not rebut allegation one (1) and (2). The defense does not rebut the other allegations. The appellant through his letter admits to violation two (2). The two friends of the appellant corroborate each other's testimony that appellant violated the terms of his community supervision regarding allegation one. (1)  (RR Vol. 1 p. 33-39, 42-46) .  The admission of State's exhibits one – three (1-3) is not contested. ( RR Vol. 1 p. 17-23, RR Vol. 1,  State's exhibits 1-3,Toxicology reports)(At end of Volume.)

As set out above and as held by this Honorable Court:

> When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. See Hart v. State, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); Cochran v. State, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). In other words, if there is some evidence to support the finding of even a single violation, the revocation order must be upheld. Cochran, 78 S.W.3d at 28 (citing Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)

.

Notwithstanding, the evidence adduced or not in regard to allegations 4,5,9,11,13 and 14, there is a preponderance of the evidence in regard to allegations 1, 2 and 10.  As previously stated,

The preponderance of the evidence standard is met when the

19.

greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. <u>Rickels v. State</u>, supra.

As previously stated, not withstanding whether appellant did or did not have the ability to pay in regards to allegations nine (9),ten (10),eleven (11), fourteen (14), the issue was not raised by the defense. In addition, although the States evidence on the allegations was not specific; there was general testimony the appellant was in arrears on each of these allegations. In regard to allegation eleven (11), counsel believes the evidence again is general and not specific and must be an miscalculation as it related to the date the motion was filed (August 12th, 2014) and the balance owed the State.   However, as set out above the greatest challenge for the appellant are allegations one (1) and two (2).  In regard to allegation one there is corroborated detailed testimony regarding his involvement. (RR Vol. 1 p.27-39, 42-46)  In regard to allegation two (2) there is the uncontroverted expert testimony of the toxicologist and admission of State's exhibits one (1) to three (3). (RR Vol. 1 p. 17-23) Considering the evidence admitted in the trial court without objection and the testimony presented, counsel does not believe he can challenge the trial court's decision. Counsel does not believe there is an arguable abuse of discretion or an abuse of discretion lacking a preponderance of the evidence in a light most

favorable to the trial court's ruling. As this Honorable court recognizes the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Appeal counsel believes in viewing the evidence in the light most favorable to the trial court's order that the appeal is frivolous. <u>Moore v. State</u>, 11 S.W.3d 495, 498 (Tex. App.— Houston [14th Dist.] 2000, no pet.); <u>Lee v. State</u>, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc). As such appellate counsel offers this Anders Brief.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant's counsel respectfully requests, as relief, that he be allowed to withdraw as this appeal is frivolous and so advise Appellant so that he may pursue a pro se brief if he so desires, or alternatively to appoint other counsel for Appellant in the prosecution of this appeal.

Respectfully considered,
*/s/John D. Reeves*

_____
JOHN D. REEVES
Attorney at law
1007 Grant St.
Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
SBOT # 16723000

21.

Email: tessabellus@yahoo.com
ATTORNEY FOR APPELLANT

## **CERTIFICATE OF COMPLIANCE**

I John D. Reeves Counsel for appellant hereby certify that this brief exclusive of the rule provisions that do not provide counting contains 4,581words.

*/s/John D. Reeves*

_____

John D. Reeves

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Appellant's Brief on 2nd day of March, 2015 been forwarded to the State's Attorney, Bennie Schiro, District Attorney, Trinity County, by electronic service at bennie.schiro@co.trinity.tx.us.

*/s/John D. Reeves*

_____

John D. Reeves
Attorney for Appellant
Elijah Brown